NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant, v. ELMER A. GROSS et al., Defendants; L. A. ANDREW, Receiver, Appellee.

No. 42418.

June 23, 1934.

R. F. Clough, for appellant.

L. E. Linnan and G. W. Stillman, for appellee.

Kintzinger, J.—This action was before us in Northwestern Mutual Life Insurance Company v. Elmer A. Gross et al., 215 Iowa 963, 247 N. W. 286. All questions raised here were presented in that action. As the present case is not presented on a petition for a rehearing, we are controlled by the law as announced in the former decision.

After filing the procedendo issued in the former case by the clerk of this court, the lower court refused to award the appellant the rents accruing and collected after the commencement of the foreclosure proceedings.

The sole question raised in this case is whether or not plaintiff, under the receivership provisions of its mortgage, is entitled to have the rents and profits during the redemption period applied to the payment of the mortgage indebtedness. This is the very question raised and decided on the former appeal. It is therefore unnecessary to reconsider it here. In the former decision of this case we said:

"It is our conclusion that the plaintiff made the necessary showing entitling it to the appointment of a receiver, *and further that the plaintiff is entitled to the rents, income, and profits accruing or arising after he filed his petition for a receiver, and during the period of redemption under its foreclosure.*" This language is not open to misconstruction. It means that the plaintiff is entitled to the rents, income, and profits accruing or arising after he filed his petition for a receiver and during the period of redemption. It necessarily follows that if plaintiff is entitled to these rents, income, and profits during the period in question, they should be applied toward the payment of the deficiency judgment and taxes.

410

Whatever the appellee claims the rule should be, the law of this case is settled by our former decision in this case. The lower court misconstrued the effect of our former ruling. The case is therefore reversed and remanded, with instructions to carry out the provisions of our former decision as herein construed. The judgment of the lower court is therefore hereby reversed and remanded for a decree in harmony herewith.—Reversed and remanded.

CLAUSSEN, C. J., and STEVENS, ALBERT, ANDERSON, and DONEGAN, JJ., concur.